IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEWEY VENABLE,

    Petitioner,

v.                                                              Civil Action No. **3:07CV203**

TRACY RAY, *et al.*,

    Respondents.

## MEMORANDUM OPINION

Petitioner, a Virginia prisoner, brings this petition for a writ of habeas corpus challenging his conviction in the Circuit Court for Sussex County for the second-degree murder of his cell mate. Petitioner contends that he is entitled to relief on the following grounds:

Claim 1     Petitioner was denied his right under the Sixth Amendment to a fair and speedy trial.[1]

Claim 2     Petitioner was denied the effective assistance of counsel in conjunction with his guilty plea:
        a.     Counsel abandoned a viable speedy trial challenge; and,
        b.     Petitioner did not willingly accept the plea. Petitioner was incompetent and counsel utilized a box of doughnuts to coerce Petitioner into signing the plea agreement.

Respondents have moved to dismiss on the grounds that Petitioner's claims are procedurally defaulted and lack merit. Petitioner responded by submitting several motions.

---

[1] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. Const. amend. VI.

## I. PETITIONER'S MOTIONS

Petitioner filed a "Motion to Alter the Amended Complaint and Respond to Respondaint's Motion."[2] That document consists of a discursive discussion of the law and facts surrounding Petitioner's conviction. The document does not clearly identify the additional claims that Petitioner wishes to raise, much less explain why the interest of justice would be served by permitting such an amendment. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Furthermore, it would appear that any additional claims that Petitioner sought to add would be procedurally defaulted. *See infra* Part III. Therefore, the Court will deny Petitioner's "Motion to Alter the Amended Complaint and Respond to Respondaint's Motion" (Docket No. 17) to the extent that he seeks to add any additional claims for habeas relief. Nevertheless, the Court will consider the motion to amend as a brief in opposition to the Respondents' motion to dismiss. Similarly, Petitioner's motion to introduce evidence (Docket No. 16) will be GRANTED, to the extent that the Court will consider the documents attached to that motion in deciding the motion to dismiss.

Citing the Virginia Freedom of Information Act, Va. Code § 2.2-3700 *et seq.*, Petitioner has moved the Court to order the Respondents to provide certain information about double-cell compatibility policies. The motion is essentially a request for discovery. Petitioner is not entitled to engage in discovery in the absence of a showing of good cause. *See Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999). "[T]he Supreme Court explained that a petitioner demonstrates 'good cause' for habeas discovery 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to

---

[2] The Court has corrected some capitalization in the quotations to Petitioner's documents.

2

demonstrate that he is entitled to relief.'" *Id.* (*quoting Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). Petitioner fails to demonstrate why he might be entitled to relief if he was provided with information about double-cell compatibility policies. Accordingly, Petitioner's "Motion Freedom of Information Act (FOIA) Request" (Docket No. 20) will be DENIED.

Petitioner has requested that the Court appoint counsel. Considering the lack of complexity of Petitioner's claims, his capacity to represent himself, and the relatively straightforward nature of the state proceedings, the interests of justice do not warrant the appointment of counsel. Petitioner's motions for the appointment of counsel (Docket Nos. 19 & 21) will be DENIED. Petitioner's motion to expedite (Docket No. 22) will be GRANTED to the extent that the Court will now consider the merits of his 28 U.S.C. § 2254 petition.

## II. PROCEDURAL HISTORY

On January 13, 2004, at the Sussex I State Prison, Petitioner shared a cell with Richard Ausley. Petitioner was locked into the cell with Ausley at 8:46 p.m. About two hours later, Petitioner called to a correctional officer and asked him to remove Ausley's body because Ausley was dead. When Petitioner was removed from the cell, he did not have any injuries. Petitioner asked if he would receive a reward for what he had done.[3] The autopsy report revealed that Ausley had died from strangulation and blunt force trauma, either of which was fatal.

Petitioner originally was indicted for the capital murder of another inmate. The charge later was amended to first-degree murder. Petitioner eventually entered into a plea agreement, which called for Petitioner to enter a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to second-degree murder. The Plea Agreement provided that Petitioner would be

---

[3] Ausley had been convicted of several sexual offenses against children.

3

sentenced to 20 years in prison with 7 years and 6 months suspended. On May 22, 2006, following a plea colloquy, the Circuit Court accepted Petitioner's plea and sentenced him in accordance with the Plea Agreement.

Petitioner did not appeal. Nevertheless, on November 9, 2006, Petitioner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. In response to the direction on the standardized form to state his grounds for habeas relief and the supporting facts, Petitioner stated: "My 6th amendment right was violated. Enofectove defence of counslor. They bribed me with doe nutts whyle i was clearly not in a stably state of mind." (State Habeas Pet. ¶ 14.) Under this same section, Petitioner also wrote "speedy tril." (State Habeas Pet. ¶ 14.) Petitioner further stated, on a sheet of paper attached to his petition, that:

> I file this habes corpos for the flowing reson's.
>
> 1. Inefectove defence of counslor.
> My attorney violated my speedy tril.
> I was indicted on May 2004 i dident go to court untill may 22, 2006. I did not wave no rights.
> 2. He took advanige of my unstable mind.
> He bribed me with doenuts wile i [was not] compadent to stand tril
> 3. I am inocent. This was selfdefence not murder.

(State Habeas Pet., Attach.)

In a separate section of the standardized state habeas form, Petitioner represented that he previously had filed a petition for a writ of habeas corpus with the Circuit Court. Therefore, on March 8, 2007, the Supreme Court of Virginia dismissed Petitioner's state petition for a writ of habeas corpus pursuant to Virginia Code § 8.01-654(B)(2).[4] Respondents, however,

---

[4] That statute provides, in pertinent part, that a petition for a writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of filing . . . . No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code Ann. § 8.01-654(B)(2) (West 2008).

4

acknowledge that, despite his representation to the contrary, Petitioner had not in fact filed a prior petition for a writ of habeas corpus with the Circuit Court.

### III. EXHAUSTION AND PROCEDURAL DEFAULT

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)). The United States Court of Appeals for the Fourth Circuit summed up a petitioner's burden in this regard as follows:

> [T]he exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."

*Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (*quoting Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)). "In other words, fair presentation contemplates that 'both the operative facts and the controlling legal principles' must be presented to the state court." *Matthews*, 105 F.3d at 911 (additional internal quotation marks omitted) (*quoting Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Although Petitioner exhausted his claim that counsel was deficient for failing to pursue a speedy trial challenge, Petitioner's remark "speedy tril" (State Habeas Pet. ¶ 14), which was not linked to any operative facts, did not fairly present to the Supreme Court of Virginia the substantive speedy trial claim set forth in Claim 1. *See Mallory*, 27 F.3d at 995; *Matthews*, 105 F.3d at 911. If Petitioner were to attempt now to present Claim 1 to the Supreme Court of Virginia, that court would find the claim procedurally barred pursuant to section 8.01-654(B)(2) of the Virginia Code. That statute requires habeas petitioners to raise all available grounds for relief in their first state petition for a writ of habeas corpus and constitutes an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996). Accordingly, Claim 1 is procedurally defaulted.

Respondents also suggest that the remainder of Petitioner's claims are defaulted in light of the Supreme Court of Virginia's dismissal of these claims pursuant to section 8.01-654(B)(2) of the Virginia Code. "However, the fact that a state procedural rule is adequate in general does not answer the question of whether the rule is adequate as applied in a particular case." *Reid v. True*, 349 F.3d 788, 805 (4th Cir. 2003) (*citing Brown v. Lee*, 319 F.3d 162, 170 (4th Cir. 2003)). In order to assess whether a procedural rule is adequate, "'[t]he question we must ask . . . is whether the particular procedural bar is applied consistently to cases that are *procedurally* analogous.'" *Id.* (*quoting McCarver v. Lee*, 221 F.3d 583, 589 (4th Cir. 2000)). Here, Respondents fail to demonstrate that the Supreme Court of Virginia consistently applies section 8.01-654(B)(2) of the Virginia Code to an inmate's first state petition for a writ of habeas corpus, when the inmate erroneously states that said petition is a second state petition for a writ of habeas corpus. Accordingly, Respondents' assertions that Claim 2(a) and 2(b) are defaulted is rejected.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that to demonstrate the ineffective assistance of counsel, a defendant first must show that counsel's representation was deficient and, then, must establish that the deficient performance prejudiced the defense. *See id.* at 687. To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (*quoting Strickland*, 466 U.S. at 689). Prejudice requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to "determine whether counsel's performance was deficient before examining the prejudice" issue. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified the prejudice prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Although this inquiry focuses on a subjective question, "the answer to that question must be reached through an objective analysis." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

In Claim 2(a), Petitioner suggests that instead of urging a guilty plea, counsel should have moved to dismiss the indictment based on a violation of Petitioner's right to a speedy trial. The relevant Virginia statute provided, in pertinent part:

> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.

Va. Code Ann. § 19.2-243 (West 2004). The statute further provides that:

> The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:
>
> 1. By his insanity or by reason of his confinement in a hospital for care and observation;
>
> * * * *
>
> 4. By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance;

*Id.* The Virginia courts have interpreted this last tolling provision broadly. *See Heath v. Commonwealth*, 541 S.E.2d 906, 908 (Va. 2001). "When a defendant requests, agrees to, or acquiesces in an order that effectively continues a case, the . . . speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order." *Id.* (*citing* Va. Code § 19.2-243(4); *Commonwealth v. Hutchins*, 533 S.E.2d 622, 624-25 (Va. 2000)).[5]

Here, the speedy trial period commenced on May 4, 2004, the date Petitioner was indicted for capital murder. *See* Va. Code Ann. § 19.2-243. Because Petitioner was still serving his prior state sentences at that time, the Commonwealth had nine months to bring Petitioner to trial. *Id.* Roughly three and one half months of the speedy trial period elapsed before Petitioner was arraigned on the murder charge on August 18, 2004. After that date, the statutory speedy trial period was tolled while the Circuit Court considered and granted a number of motions filed

---

[5] The Court notes that, to the extent that Petitioner now suggests counsel was deficient for acquiescing to any delay in setting Petitioner's trial, he has not exhausted such a claim, and such a claim would be procedurally defaulted. *See infra* Part III.

by the defense, including, a request for evaluation of Petitioner's mental competence and Petitioner's mental status at the time of the offense. *See Heath*, 541 S.E.2d at 908 (concluding that defendant's motion for evaluation of his competence to stand trial "implicitly requested the circuit court to continue the case so that this psychiatric examination could be performed" and thus tolled the limitation period). Because of Petitioner's lack of cooperation, his appointed expert was not able to complete the psychiatric evaluation of Petitioner until August of 2005. Within days after the psychiatrist filed his report on August 5, 2005, counsel for Petitioner moved for additional discovery and for the Circuit Court to appoint another expert to assist the defense. The statutory speedy trial period was tolled while the parties litigated the Petitioner's demand for additional discovery. *See id.*; *see also Stephens v. Commonwealth*, 301 S.E.2d 22, 27-28 (Va. 1983) (concluding defendant's filing of motion to suppress evidence with written memoranda requiring careful study by circuit court necessitated continuance chargeable to defendant). By Order entered on October 4, 2005, the Circuit Court resolved the discovery issue and the parties agreed that the Commonwealth would provide the defense with certain discovery material within sixty days of the date of entry thereof. In agreeing to the provision of the discovery material by December 4, 2005, Petitioner manifested his acquiescence to a continuance of trial until at least that date, hence the statutory speedy trial period was tolled during this juncture. *See Heath*, 541 S.E.2d at 908. Furthermore, on October 3, 2005, the Commonwealth sent defense counsel a list of available dates for trial. Defense counsel agreed to trial dates of February 27 and February 28, 2006. Thus, this period is chargeable to Petitioner. *See id.* at 909 ("The defendant's failure to object to the court's action in fixing the trial date is an acquiescence in the fixing of a trial date beyond the . . . speedy trial period and constitutes a

continuance of the trial date under Code § 19.2-243(4)." (*citing Hutchins*, 533 S.E.2d at 624-25)). Thereafter, counsel for Petitioner agreed to a continuance of the February 2006 trial dates until March 20 and March 21, 2006. Once again, on February 22, 2006, counsel for Petitioner agreed to a further continuance of trial until May 31 and June 1, 2006. Thus, the speedy trial clock did not run from October of 2005 until Petitioner's guilty plea on May 22, 2006, because the defense either acquiesced to or sought the delay of the trial during that period. *See id.* Because roughly only three months of the statutory speedy trial clock had elapsed, counsel wisely refrained from pursuing a statutory speedy trial challenge.

Nor has Petitioner shown that a constitutional speedy trial challenge was likely to succeed. Although no definitive time period has been set for compliance with the constitutional stricture on trial delays, the Supreme Court directed the courts to consider the following four factors to determine whether a defendant's constitutional right to a speedy trial was violated: "(1) the length of the delay; (2) the reason for the delay; (3) whether defendant timely asserted his right; and (4) whether delay prejudiced defendant's case." *United States v. Hopkins*, 310 F.3d 145, 150 (4th Cir. 2002) (*citing Barker v. Wingo*, 407 U.S. 514, 530 (1972)).[6] For a

---

[6] Petitioner now alleges that, "I wrote the Judge severl times requesting a speedy tril." ("Motion to Alter the Amended Complaint and Respond to Respondaint's Motion" at 2.) Such unsworn allegations cannot constitute a basis for habeas relief. *See United States v. LaBonte*, 70 F.3d 1396, 1413 (1st Cir. 1995), *overruled on other grounds*, 520 U.S. 751 (1997). "A habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavits. *See, e.g.*, Rule 2, Rules Governing Section 2255 Proceedings, 28 U.S.C. § 2255. Facts alluded to in an unsworn memorandum will not suffice." *Id.* (citing *Barrett v. United States*, 965 F.2d 1184, 1195 (1st Cir. 1992); *Dalli v. United States*, 491 F.2d 758, 760 (2d Cir. 1974)); *accord* Rule 2(c), Rules Governing Section 2254 Cases in U.S. District Courts. Furthermore, Petitioner did not include this fact in his state habeas petition and it is belied by the record from the Circuit Court, which does not contain any letter from Petitioner invoking his right to a speedy trial.

11

defendant to prevail, the four factors must, on balance, weigh in his favor. *See United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995). Although the first factor favors Petitioner, *see id.* at 149-50, the remaining three factors weigh decidedly against the finding of a constitutional violation: as recited above the delay was largely occasioned by Petitioner, Petitioner did not timely assert his right; and Petitioner has failed to identify how he was prejudiced. Therefore, counsel was not deficient for failing to pursue a constitutional speedy trial challenge. Accordingly, Claim 2(a) will be DISMISSED.

In Claim 2(b), Petitioner faults counsel for allowing Petitioner to enter a guilty plea that was not knowing and voluntary. Although Petitioner suggests that he was not competent to stand trial, the psychiatric examination, obtained at his counsel's request, reflects that Petitioner was competent to stand trial.[7] Furthermore, the transcript of Petitioner's plea proceeding refutes Petitioner's conclusory assertion that his plea was not knowing and voluntary. Petitioner repeatedly assured the Circuit Court that he understood the questions posed to him by the Circuit Court. Additionally, during the plea proceedings, Petitioner assured the Circuit Court that he understood the charges against him and what the Commonwealth was required to prove. The transcript further reflects that Petitioner entered an *Alford* plea because, although he was not admitting his guilt, he did not want to risk being found guilty in light of the Commonwealth's evidence. Petitioner also acknowledged that by entering such a plea, he waived a variety of rights, including the right to a jury trial. Additionally, Petitioner assured the Circuit Court that,

---

[7] The psychologist also noted that Petitioner has a tendency to feign mental problems in order to obtain his desired goals.

no one had made him any additional promises, other than the promises contained in the Plea Agreement.[8]

Furthermore, it must be noted that in light of the evidence arrayed again him, Petitioner's eventual conviction on a charge of either first-degree or second-degree murder was a foregone conclusion. There was no question that Petitioner had killed Ausley. Although Petitioner now suggests that he was acting in self-defense, such a theory was simply implausible in light of the evidence.[9] Nevertheless, counsel obtained an extremely favorable sentence for Petitioner as a result of his plea. Specifically, although Petitioner faced up to life imprisonment if found guilty of first-degree murder, counsel negotiated a reduction of the charge to second-degree murder, and an active term of imprisonment of only twelve and one half years. In short, Petitioner has failed to demonstrate that counsel was deficient with respect to his representation of Petitioner at the plea proceedings. Nor has Petitioner demonstrated that but for some deficiency of counsel, a reasonable defendant in his position would have pled not guilty and insisted on going to trial. *See Hooper*, 845 F.2d at 475. Claim 2(b) will be DISMISSED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.

---

[8] Petitioner now represents that his attorney promised him a box of doughnuts if he agreed to plead guilty. ("Motion to Alter the Amended Complaint and Respond to Respondaint's Motion" at 6.) Petitioner fails to demonstrate any extraordinary circumstances that would allow him to disavow his prior sworn assurance to the Circuit Court that he had not been promised any favorable treatment, beyond that contained in the Plea Agreement, in exchange for his plea. *See United States v. Lemaster*, 403 F.3d 216, 222-23 (4th Cir. 2005) (concluding that, in the absence of extraordinary circumstances, habeas court can summarily dispose of allegations that directly contradict a petitioner's sworn statements at his plea proceedings).

[9] The victim was sixty-four years old and weighed only 125 pounds. Petitioner was twenty-three years old and weighed almost 180 pounds. Petitioner had no injuries, while the victim had been strangled and relentlessly beaten.

An appropriate Order shall issue.

/s/ James R. Spencer
CHIEF UNITED STATES DISTRICT JUDGE

Dated: 8-15-08
Richmond, Virginia